IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE SMITH,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2129-D |
| | ) | ECF |
| **FAYE PRICE, et al.,** | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is an unspecified *pro se* civil action.

Parties:  Plaintiff resides in Dallas, Texas.  Defendants, employees of Contemporary Resources Inc., are Faye Price, Supervisor Michael Lavato, and Co-worker Jose Martinez.  The Court did not issue process in this case pending preliminary screening. On January 10, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on February 6, 2007.

Statement of Case:  Plaintiff seeks to sue Defendants for personal injuries he suffered on November 15, 2005, while working for Contemporary Resources, Inc.  He alleges that Mr. Martinez was responsible for his injuries, that Mr. Lavato terminated his employment as soon as Plaintiff reported his injuries, and that Ms. Price's testimony at a worker compensation hearing caused him to be denied all worker compensation benefits.  He seeks compensatory damages.

Findings and Conclusions: Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff merely complains of personal injuries, loss of his job, and denial of worker compensation benefits. He concedes that he is not seeking to sue his former employer for employment discrimination under Title VII.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and the named Defendants are citizens of the State Texas. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 13th day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.